

**Seyfarth Shaw LLP**

620 Eighth Avenue
New York, New York  10018
**T** (212) 218-5500
**F** (212) 218-5526

rszyba@seyfarth.com
T (212) 218-3351

www.seyfarth.com

January 31, 2022

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Rodriguez v. Loews*, 20-cv-5053-LAP (SDNY)
     Defendants' Request to Compel Discovery

Dear Judge Preska:

      We represent Defendants Loews Hotels Holding Corporation, Loews Regency NY Holding LLC, and Loews Regency NY Hotel LLC (collectively, "Defendants") in the above-referenced action. We submit this letter, pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37.2, to compel the production of HIPAA-compliant medical release forms, which Plaintiff Justin Rodriguez ("Plaintiff") has failed to produce as required by the Case Management Plan and Scheduling Order. We have in good faith conferred with Plaintiff's Counsel and reminded him of his discovery obligations several times, but to no avail. Accordingly, we respectfully request that the Court order Plaintiff to produce this discovery or, if necessary, schedule a conference to resolve this matter.[1]

      The parties jointly submitted a Proposed Case Management Plan and Scheduling Order on December 14, 2021 (Dkt. No. 15), which the Court so ordered on December 15, 2021. (Dkt. No. 16, the "Discovery Plan"). The Discovery Plan states that "plaintiff shall provide HIPAA-compliant medical release forms by December 23, 2021." (*Id.* at 7(e)). To date, Plaintiff has not produced any medical release forms.

      On December 24, 2021, we emailed Plaintiff's Counsel to notify him of this deficiency and we provided medical release forms for Plaintiff's signature. Plaintiff's Counsel responded that same day, stating that the forms would be produced "as soon as possible." On January 3, 2022, we followed up a second time and asked that Plaintiff produce the forms by January 7, 2022. We received no response. On January 12, 2022, we followed up a third time and asked that Plaintiff produce the forms by January 18, 2022. Again, we received no response.

---

[1] If formal motion practice or a conference is required to resolve this dispute, Defendants reserve the right to seek reasonable expenses and attorneys' fees incurred in making such a motion.

79013008v.4



On January 26, 2022, we followed up a fourth and final time, asking Plaintiff to produce the forms by January 28, 2022 and notifying counsel that we would seek court intervention if he failed to do so.  Again, we received no response.

Defendants anticipate that the medical releases in question will be sent to non-parties at the medical offices identified by Plaintiff.  In light of the ongoing pandemic and staffing challenges within the medical profession, we wanted to give them as much time as possible to comply so that the parties can obtain the requested documents in time to complete depositions and further discovery within the time period provided by the Court of May 17, 2022.  Plaintiff's failure to comply with the Court's Case Management Plan and Scheduling Order thus jeopardizes the parties' ability to conduct necessary discovery within the allotted time-frame.  We are now more than one month past Plaintiff's deadline to produce HIPAA-compliant medical release forms and, despite our multiple attempts to follow up, Plaintiff has failed to produce anything.  Accordingly, we respectfully request that the Court order Plaintiff to produce this discovery or, if necessary, schedule a conference to resolve this matter.

Very truly yours,

SEYFARTH SHAW LLP


*/s/ Robert Szyba*


Robert Szyba


```
Plaintiff shall produce HIPAA-compliant medical release forms to defense
counsel no later than February 3, 2022.  Failure to do so may result in
dismissal of the action.

SO ORDERED.
Dated:     January 31, 2022
           New York, New York
```

_____

```
LORETTA A. PRESKA
Senior United States District Judge
```